

FILED

NOV 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY D. RUSSELL, D.D.S. and PAULETTE RUSSELL, husband and wife, | No. 08-16798 |
| | D.C. No. 2:07-cv-00875-NVW |
| Plaintiffs - Appellants, | |
| v. | MEMORANDUM[*] |
| MOUNTAIN PARK HEALTH CENTER PROPERTIES, LLC, an Arizona limited liability corporation doing business as Mountain Park Health Center; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted October 6, 2010
San Francisco, California

Before: REINHARDT and BERZON, Circuit Judges, and POLLAK, Senior District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Larry D. Russell appeals the district court's grant of summary judgment dismissing his claims against Mountain Park Health Center. We affirm in part, reverse in part, and remand.

It was not an abuse of discretion for the district court to hold that Russell's brief in response to Mountain Park's motion for summary judgment did not meet the requirements of Local Rule of Civil Procedure 56.1(b).

Russell nonetheless presented evidence of hostile comments directed against him on the basis of both his race and age, and also raised significant questions regarding the legitimacy of the non-discriminatory reasons that Mountain Park proffered for his firing.[1] Such a showing is sufficient to raise a jury question as to whether Mountain Park's non-discriminatory reasons for Russell's firing were pretextual. There is also a genuine issue of fact as to whether the individuals responsible for Russell's termination were actually responsible for his hiring, rather than simply participants in that process, and thus Mountain View is not entitled for purposes of summary judgment to the "same-actor" inference of non-

---

[1] While Russell's declaration contained no statements relating to age discrimination, Mountain Park's statement of facts supporting summary judgment cited to various portions of Russell's deposition testimony where he alleged discriminatory treatment based on age. Moreover, the district court expressly acknowledged Russell's testimony that Dr. Bader had commented that Russell was similar in age to her father. Consequently, we do not treat this evidence as having been excluded under Local Rule 56.1(b).

discrimination. *See Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1096 (9th Cir. 2005). The district court thus erred in granting summary judgment on Russell's wrongful termination claims under Title VII, the ADEA, and 42 U.S.C. § 1981. *See Anthoine v. N. Central Counties Consortium*, 605 F.3d 740, 753 (9th Cir. 2010); *see generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Russell alleges that Mountain Park violated the Family and Medical Leave Act (FMLA). Mountain Park stated that one reason for Russell's firing was an independent expert's determination, based on a review of 12 patient charts selected by Mountain Park, that Russell provided sub-standard care to his patients. Russell alleges that all 12 of those charts belonged to patients whose care Russell was unable to complete due to his use of medical leave protected by the FMLA. The FMLA implementing regulations prohibit an employer from interfering with an employee's rights under the Act by "us[ing] the taking of FMLA leave as a negative factor in employment actions." 29 C.F.R. § 825.220(c). Russell alleges precisely such interference. The district court therefore erred in dismissing his FMLA claims.

Russell has not provided sufficient evidence to raise a jury question as to harassment under the ADEA, Title VII, or § 1981. The evidence Russell provided does not establish conduct "sufficiently severe or pervasive to alter the conditions

3

of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citations omitted).[2]

The doctrine of after-acquired evidence does not preclude the possibility of Russell recovering damages. *Cf. McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362 (1995) ("An absolute rule barring any recovery of backpay [based upon after-acquired evidence] would undermine the ADEA's objective of forcing employers to consider and examine their motivations, and of penalizing them for employment decisions that spring from age discrimination."). While the district court can take equitable considerations into account in crafting remedies for violations of Title VII and the ADEA, if Mountain Park succeeds in proving that the after-acquired evidence doctrine applies, such a showing would, at most, limit Russell's damages award to "backpay from the date of the unlawful discharge to the date the new information was discovered." *Id.*

**AFFIRMED IN PART**, **REVERSED IN PART**, and **REMANDED**.

---

[2] Russell does not appeal the grant of summary judgment against his state law claims.